**FILED**
**DECEMBER 4, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> BARTLETT SEWER & WATER, INC, <br><br> Defendant. | Case No.: **07 C 6837** <br><br> Judge: **JUDGE ZAGEL** <br> **MAGISTRATE JUDGE DENLOW** |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant BARTLETT SEWER & WATER, INC. (hereinafter "Defendant Company"), state as follows:

1

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS,
FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS
AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS
BARTLETT SEWER & WATER, INC.**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business within this district.  The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Chicago Area Independent Contractors Association ("CAICA"), the Apprentice Fund,, the Safety Fund, and CISCO Fund, (collectively, "the Affiliated Organizations").

2. Defendant BARTLETT SEWER, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U. S. C. § 152(2).  The Defendant Company was previously involuntarily dissolved by the Secretary of State and was not reinstated in good standing until August 31, 2007.

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.     The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5.     The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6.     Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

7.     Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10%

in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

8. Notwithstanding its obligations under the collective bargaining agreements, as revealed pursuant to an audit for the period of January 1, 2005 through July 31, 2007, the Defendant Company has failed to timely report and pay contributions and dues owed to the Funds and the Affiliated Organizations, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9. Additionally, the Defendant Company has not remitted any reports and/or contributions to the Funds for any non-audited periods after July 31, 2007.

10. Since at least January 1, 2005, the Defendant Company has employed employees who performed work covered by the Agreement.

11. Despite demand duly made, the Defendant Company has not remitted the required contributions.

12. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

13. The Defendant Company's failure to make contributions and to the Funds and the Affiliated Organizations violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, dues, interest, liquidated damages, audit costs and reasonable attorneys' fees and court costs.

15. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

16. The Defendant Company is also obligated by the terms of the Agreement, to pay the attorneys' fees and costs incurred by the Funds for its efforts to collect these amounts from the Defendant Company.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against BARTLETT SEWER & WATER, INC., as follows:

(a) Finding that BARTLETT SEWER & WATER, INC., violated the Agreement;

(b) Finding that BARTLETT SEWER & WATER, INC., is liable to the Funds and Affiliated Organizations for the delinquent contributions and dues owed to date, interest, liquidated damages, audit costs, and attorneys' fees and court costs.

(c) Ordering BARTLETT SEWER & WATER, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies after the filing of this suit, interest and liquidated damages;

(d) Ordering BARTLETT SEWER & WATER, INC., to remit reports to the Funds and District Council for all unreported months and to pay the amounts revealed to be due pursuant to those reports including contributions and dues as well as interest and liquidated damages for each untimely remittance.

(e) Ordering BARTLETT SEWER & WATER, INC., to pay to Plaintiffs all court costs and reasonable attorneys' fees and costs incurred prior to and through the filing this suit; and

(f) Granting all such other legal and equitable relief as the Court deems just and proper.

          Respectfully submitted,

          /s/LaKisha M. Kinsey-Sallis
          LaKisha M. Kinsey-Sallis
          One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361