IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,<br><br>and<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BARTLETT SEWER & WATER, INC,<br><br>Defendant. | Case No. 07 C 6837<br><br>Judge Zagel<br><br>Magistrate Judge Denlow |

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully move this court for entry of default, in the form of the attached proposed order against the Defendant

BARTLETT SEWER & WATER, INC. (hereinafter the "Defendant Company").  In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant Company for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145 and delinquent union dues and industry fund contributions enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185.

2. The Funds filed its Complaint on December 4, 2007, seeking the following relief: (1) that the Defendant Company be found liable to the Funds and Affiliated Organizations for the delinquent contributions and dues owed to date, interest, liquidated damages, audit costs and attorneys' fees and costs; (2) that the Defendant Company be ordered to pay to Plaintiffs all accrued delinquencies after the filing of this suit, interest and liquidated damages; (3) that the Defendant Company be ordered to remit reports Funds and the District Council for all unreported months and to pay the amounts revealed to be due pursuant to those reports including contributions and dues as well as interest and liquidated damages for each untimely remittance; (4) that Defendant Company be ordered to pay to the Funds all court costs and reasonable attorneys' fees incurred for filing this suit; and (5) for such other legal and equitable relief as the Court deems just and proper.

3. The Defendant Company was served with a copy of the Complaint and Summons on January 2, 2008 and its Answer was due on January 22, 2008.  As the Defendant Company's registered agent could not be found with reasonable diligence at the registered office of record of Illinois, service on the Defendant Company was effectuated by filing BCA-5.25 with the Secretary of State on January 2, 2008.   The return of service was filed with the Clerk of the Court on January 8, 2008 and is attached as Exhibit "A."

  4.  As of the date that this Motion was filed, the Defendant had not filed an appearance or Answer or otherwise plead to the Complaint.

  5.  Notwithstanding its obligations under the collective bargaining agreements, as revealed pursuant to an audit for the period of January 1, 2005 through July 31, 2007, the Defendant Company has failed to timely report and pay contributions and dues owed to the Funds and the Affiliated Organizations, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

  6.  Although the audit covered the period of January 1, 2005 through July 31, 2007, the Defendant Company only provided payroll records through March 16, 2007; therefore, the audit was incomplete and additional amounts may be owed to the Funds based on the unreviewed records concerning the period of March 16, 2007 through July 31, 2007.

  7.  The Defendant Company also failed to make available to the Funds' auditors all cash disbursement for the entire audit period.

  8.  Upon information and belief, the Defendant Company continued to operate after March 16, 2007 and is currently operating.

  9.  The Defendant Company also has not remitted any reports and/or contributions to the Funds for any non-audited periods after July 31, 2007.

  10.  Since at least January 1, 2005, the Defendant Company has employed employees who performed work covered by the Agreement.

  11.  Despite demand duly made, the Defendant Company has not remitted the required contributions.

12. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

13. The Defendant Company's failure to make contributions and to the Funds and the Affiliated Organizations violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, dues, interest, liquidated damages, audit costs and reasonable attorneys' fees and court costs.

15. The Defendant Company is also obligated by the terms of the Agreement, to pay the attorneys' fees and costs incurred by the Funds for its efforts to collect these amounts from the Defendant Company.

WHEREFORE, the reasons stated above, the Plaintiffs respectfully requests that this Court enter an order of Default against the Defendant BARTLETT SEWER & WATER, INC., and order that the Defendant submit its completed and accurate work reports for the months of August 2007 to the present, submit payroll and cash disbursement records from March 16, 2007 through July 31, 2007, and pay the sums revealed to be due, including the contributions, dues, interest, liquidated damages as well as the sums due and owing pursuant to the audit.

Respectfully Submitted,

/s/ LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Steve W. Jados
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361